Dennis Cunningham   #112910
115-A Bartlett Street
San Francisco, CA 94110
T. 415-285-8091 F. 415-285-8092
denniscunninghamlaw@gmail.com

Jeffrey Wozniak   #256738
Law Offices of Jeff Wozniak
1663 Mission St. Suite 200
San Francisco, CA 94103
T./F. 415-423-3413
jeff@jeffwozniaklaw.com

Attorneys for the Plaintiff
KEITH LEWIS

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| KEITH LEWIS<br><br>            Plaintiff,<br><br>vs.<br><br>Fairfield Police Officers JOHN DOE #1 and JOHN DOE #2 and the CITY OF FAIRFIELD, California; and Solano County Sheriffs Deputy JOHN DOEs ##3-X, and SOLANO COUNTY, California,<br><br>            Defendants. | No. _____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS and OTHER WRONGS**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

    1. This is a Complaint for violation of civil rights, false arrest, wrongful imprisonment, battery, refusal of medical care, and negligent supervision of employees in the Fairfield Police Department and the Solano County Sheriff's Department.  It arises from the wrongful, gratuitously violent, arbitrary seizure and rough, injurious and wholly unprovoked and

1

unjustified physical battery and summary punishment of plaintiff, Keith Lewis, a Black Man, by the defendants—white, apparently racist Fairfield police officers—on August 2, 2015. Defendants' assault began while the plaintiff was standing peacefully and quietly in his driveway, on his own private property, in Fairfield, where the officers first accosted him, supposedly in response to a "noise complaint". In point of fact the plaintiff was alone, and there was no noise.

2. Defendant Officer John Doe #1 demanded the plaintiff's identification card (ID), then sneak-attacked him, slamming him flat to the pavement of his driveway, then kicking him violently in the side, cracking at least one rib. Defendant Fairfield Police Officer John Doe#2 stood and watched this all without a word. Doe #1 told Mr. Lewis he was under arrest for "public drunkenness." In great pain, the plaintiff demanded and pleaded to Doe #1 throughout the ride to be taken to the hospital for treatment and relief from his pain, and was coldly refused.

3. Instead Defendant Doe #1 took Mr. Lewis to the Solano County Jail, where he was put in a cell, evidently a drunk tank, where he was left lying alone all night, still in great pain, while a succession of Defendant Solano County Sheriff's Deputies, John Does #3, #4, and #5 (at least; X stands for possible others), denied or studiously ignored his continued pleas for medical attention.

4. In the morning Mr. Lewis was released and sought medical attention on his own, which confirmed what he had suspected all night long while suffering in the jail—the defendant officer's vicious kick had left him with a broken rib.

5. As a result of this gratuitous mayhem, the plaintiff has suffered long-lasting physical, mental and emotional injury, impairing his ability to live his life and do his job, and thereby compromising his ability to earn a living; all in violation of his fundamental rights under the United States and California Constitutions, and the laws and common law of the State of California.

///
///
///

**JURISDICTION & VENUE**

6. Plaintiff's claims arise under the federal Civil Rights Acts, 42 U.S.C. 1981, 1983 *et seq.,* and, as to defendant Doe #2, §1986; under California Civil Rights Law, Cal. CC 51.7 and 52.1 *et seq (Ralph Act & Bane Act)*; and under the U.S. and California Constitutions and California Common Law.

7. This Court has **JURISDICTION** over plaintiffs' claims pursuant to 28 U.S.C. §1331 (claims arising under the U.S. Constitution); §1343(a) (3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution); and 13 U.S.C. 1367 (supplemental jurisdiction).

8. **VENUE** is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) because defendants are located in the Eastern District of California, and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Eastern District of California.

**PARTIES**

9. **Plaintiff**. Plaintiff, KEITH LEWIS, is an adult African-American citizen of the United States and the State of California and a resident of the City of Fairfield in Solano County, California.

10. **Defendants**. Defendants JOHN DOE #1 and JOHN DOE #2 are sworn members of the City of Fairfield Police Department; JOHN DOES ##3,4 & 5–X are deputies of the Solano County Sheriff's Department; all the defendants were acting within the course and scope of their employment as peace officers, and under color of State Law, at all relevant times. The City and County are both named in *respondeat* as to the claims under State Law. The identities of the various described defendants named herein as JOHN DOE are being sought, and will be substituted by amendment when learned.

///

///

1  **STATEMENT OF FACTS.**

2      11. On August 2, 2015, at approximately 3:00 a.m., plaintiff Mr. Lewis was standing in
3  the garage of his home, at 1824 San Jose Place in Fairfield, Solano County, California, with the
4  garage door open.  Indeed he was closing the garage door when the two defendant officers from
5  the Fairfield Police Department, names to be determined, shined their flashlights on him.  Mr.
6  Lewis walked out onto his driveway to find out what the officers wanted.  The officers told Mr.
7  Lewis that they were responding to a "noise complaint".  Mr. Lewis confirmed to the officers
8  that 1824 San Jose Place was his residence; whereupon defendant Doe#1 demanded
9  identification.

10      12. Mr. Lewis responded that his ID Card was in his house.  Then, as he turned his head
11  toward the house, defendant Doe #1, without warning or other admonition or sound (save
12  perhaps a grunt), grabbed him and slammed him flat down on the driveway, then kicked him
13  violently in the ribs.  When the plaintiff demanded to know why he was being treated this way,
14  the defendant officer responded that he was under arrest for "public intoxication".  The defendant
15  then handcuffed Mr. Lewis and put him in the back of a patrol car.

16      13. When Mr. Lewis told the defendant he was suffering severe chest pain and needed
17  medical attention, the defendant ignored him.  He told Mr. Lewis he was a "wife beater", and
18  that he was not going to the hospital, but to jail.  The second officer stood silently by during this
19  entire transaction, and made no effort at all, verbally or otherwise, to restrain his plainly out-of-
20  control colleague or assist the wounded plaintiff.

21      14. Upon arriving at the Solano County Jail in Fairfield, Mr. Lewis continued to ask for
22  medical attention, but was ignored by defendant Doe#1 and by the defendant Sheriff's
23  Department personnel, then and later.  He was placed in a cell alone, where he soon had great
24  difficulty breathing, and his requests for medical attention were ignored throughout the night by
25  at least three defendant sworn deputies, John Does #3-5 herein, of the County of Solano.  In the
26  morning he was taken from the cell, purportedly booked— although for what offense is still
27  unknown—and then released.  To his knowledge, he was not, and has not been, charged with any
28  offense.  When Mr. Lewis later sought medical attention at North Bay Health Care, it was

confirmed via X-ray that at least one rib was broken by the Fairfield police officer's vicious kick.

15. Mr. Lewis still suffers from the injuries caused by the police officers direct action and the sheriff's department callous, deliberately indifferent treatment while he was in custody.  His chest continues to hurt, which limits his ability to work and enjoy his life.  Emotionally, he is now extremely uneasy and frightened of living in Fairfield, since the conduct and hostility of the defendant officers and deputies remain inexplicable except as the product of garden-variety police race hate, which he has to expect to encounter again.

16. Omitted.

**PLAINTIFF'S CAUSES OF ACTION.**

**ONE: 42 U.S.C. § 1983  Fourth Amendment: Assault and Battery (Unreasonable Seizure**)

17. The above-described actions of Defendant Doe#1, in so treacherously attacking the plaintiff when he was not looking and then violently kicking him in the ribs when he was down, violated his right under the Fourth Amendment to the U.S. Constitution to be free from the unreasonable, unjustified, extremely wrongful use of force against his person by a government officer, entitling the plaintiff to judgment against the defendant for damages and loss, attorneys fees per 42 U.S.C. 1988, and costs of suit.

**TWO: 42 U.S.C. § 1983  Fourth Amendment: False Arrest (Unreasonable Seizure).**

18. In the circumstances described and to be shown, the two defendant Fairfield Police officers, Doe #1 and Doe #2, had no probable cause, reasonable suspicion, consent, or other justification or reasonable grounds on which to arrest the plaintiff as they did, in further violation of his rights under the Fourth Amendment, entitling him to judgment against defendants for damages and loss, attorneys fees per 42 U.S.C. 1988, and costs of suit.

**THREE: State Law Claim: False Arrest with Wrongful Force: Bane Act.**

19. In physically assaulting, battering, and injuring plaintiff, and then arresting him without legal grounds, defendants Doe #1 and Do e#2 'interfered by threats, intimidation and/or coercion' with the plaintiff's rights to liberty, safety, happiness, privacy, dignity, and to be free from battery, assault, bodily restraint, and harm, under California common law, Article I, §§ 1, 7

1  and 13 of the California Constitution, and Civil Code §§ 43 and 1708, by way of the Bane Act,
2  Cal Civil Code #52.1, *et seq*, entitling him again to judgment against defendants Doe #1 and Doe
3  #2 for this violation also, and damages, liquidated penalties and fees against the defendants,
4  under Cal Civil Code #52.  The City of Fairfield is liable also as the employer of defendant Doe
5  #1 and Doe #2 who were acting within their duties, in *respondeat*.
6  **FOUR.  State Law Claim: Ralph Act.**
7       20.  The aforesaid wrongful and arbitrary arrest and use of force against plaintiff also
8  violated his rights under the California Constitution and the laws of California to be free from
9  violence against him because of who he is—here, namely, an African American— under the
10 Ralph Act (Cal Civil Code #51.7), entitling him to judgment against defendants Doe #1 and Doe
11 #2 for this violation also, and damages, liquidated penalties and fees against the defendants,
12 under Cal Civil Code #52.  The City of Fairfield is liable also as the employer of defendants Doe
13 #1 and Doe #2 who were acting within their duties, in *respondeat*.
14 **FIVE.  42 U.S.C. § 1983  Fourth Amendment: False Imprisonment (Unreasonable Seizure).**
15       21.  Further, Defendants Doe #1 and Doe #2 had no legal grounds or other justification
16 for taking the plaintiff to jail as described, and causing him to be locked up and held overnight as
17 described; **and**, likewise, the defendant County Sheriff deputies, John Does #3, #4, & #5-X,
18 ignored their legal and constitutional obligation to independently ascertain or confirm that it was
19 proper to hold him when it clearly was not, worked a separate violation of plaintiff's Fourth
20 Amendment right, entitling him to judgment and damages on this count also.
21 **SIX.   42 U.S.C. § 1983:  Fourteenth Amendment: Refusal of Medical Care.**
22       22.  All defendants showed deliberate indifference over the course of the night to the
23 plaintiff's serious need for medical care, after Doe #1 so viciously kicked him in the ribs while
24 he lay on the ground, in violation of his rights under the Fourteenth Amendment to the U.S.
25 Constitution to Due Process of Law and Equal Protection of the Laws; and this malevolence
26 deprived him also of his privilege as a citizen to humane treatment by law enforcement
27 authorities; and he is thereby again entitled to judgment and damages against all defendants,
28 including the City and the County in *respondeat*.

**SEVEN.   State Law Claim: False Imprisonment: Bane Act.**

23.  Likewise, the described actions of all defendants in causing the plaintiff to be and remain locked up for the night without legal grounds Deprived him of his rights under the U.S. and California Constitutions and California law, by coercion, and entitle plaintiff to a separate judgment and damages against all defendants, including the City and the County in *respondeat*, under the Bane Act, for false imprisonment.

**EIGHT.   State Law Claim: Refusal of Medical Care: Bane Act.**

24.  The defendants' knowing, concerted, malicious (racist) conduct in refusing and ignoring the plaintiff's sustained plea for medical attention also violated his rights under the California Constitution and the Laws of California by coercion, entitling him to judgment and damages against all defendants, including the City and the County in *respondeat*, under the Bane Act for this violation also.

**NINE.  42 U.S.C. 1981: Discriminatory Treatment.**

25.  The focused, deliberate maltreatment of plaintiff by defendants described herein— where he was a stranger to all of them, committed no violation of the law in their presence or as reported to any of them, and neither did nor said anything at any time to give offense to any defendant or other person—flowed from and came about because of defendants' ingrained racial animus towards him because he is a Black man, in violation of his rights under the Thirteenth Amendment, per 42 U.S.Code Section 1981; entitling him to a further, separate judgment and damages against the defendants and each of them on this grounds also.

**TEN.  42 U.S.C. § 1983:  Fourteenth Amendment: Policy & Practice Claim**.

26.  Both the defendant City and the defendant County are jointly liable with the various John Doe defendants herein for the substantive violations of plaintiff's rights under the U.S. Constitution and federal law—over and above their *respondeat* liability under State Law—by virtue of one or more evident unconstitutional policies, practices, or customs of each, known to, permitted and encouraged by the highest relevant officials in each jurisdiction; and, particularly, involving regular 'blind eye' indulgence, condonation, misrepresentation and cover-up of

7

harassment, intimidation and mistreatment by their sworn peace officers of citizens, 'subjects', arrestees, prisoners, and other persons in their jurisdictions who are African-American, as occurred here.  The two bodies thereby substantially caused and helped cause  the deprivations of plaintiff's rights to equal treatment and respect under the Fourteenth Amendment to the U.S. Constitution, per the rule of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) and progeny; entitling plaintiff to judgment and damages against both entities directly.

**PRAYER FOR RELIEF.**

WHEREFORE, plaintiff seeks and demands (1) Judgment and monetary relief under each of the Counts listed above against defendants, jointly and severally, including compensatory, **and punitive** damages, in such amounts as shall be determined by a Jury; (2) Liquidated damages for each State Law violation found, under Sec. 52 of the California Civil Code; (3) Attorneys Fees under 42 U.S.C. § 1988 and Cal CC #52; (4) costs of litigation; and (5) such other and further relief as is just and appropriate in the premises of this case.

Respectfully submitted,

*/s/ Dennis Cunningham*
Dennis Cunningham

*/s/ Jeff Wozniak*
Jeff Wozniak

Attorneys for plaintiff KEITH LEWIS