UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF FAIRFIELD; SOLANO COUNTY; AHMED KHALFAN,<br><br>        Defendants. | No.  2:16-cv-01053-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CITY OF FAIRFIELD AND AHMED KHALFAN'S MOTION TO DISMISS** |

Before this Court is Defendants City of Fairfield ("City") and Fairfield Police Officer Ahmed Khalfan's ("Khalfan") motion to dismiss, ECF No. 14, Plaintiff Keith Lewis' ("Lewis") Amended Complaint ("FAC"), ECF No. 6.  Plaintiff opposes the motion, ECF No. 15, in a brief filed largely with histrionics, rhetoric and unsupported arguments rather than applicable and persuasive case law.  As a result, as further explained below, all but a few claims brought by Plaintiff survive this motion to dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 10, 2017.  In deciding this motion, the Court takes as true all well-pleaded facts in the complaint.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

At approximately 3:00 a.m. on August 2, 2015, Officer Ahmed Khalfan and an unidentified officer, John Doe #2, approached Lewis who was standing in the garage of his home. FAC ¶ 11. Lewis was closing his garage door when the officers shined their flashlights on him. Id. Explaining that they were responding to a "noise complaint," the officers demanded identification. Id. Lewis said it was inside. Id. ¶ 12. As Lewis turned towards the house, Khalfan suddenly "grabbed him and slammed him flat down on the driveway, then kicked him violently in the ribs." Id. Khalfan placed Lewis under arrest for "public intoxication," handcuffed him, and put him in the patrol car. Id.

Lewis told Khalfan "he was suffering severe chest pain and needed medical attention." Id. ¶ 13. Ignoring Lewis's pleas, Khalfan called Lewis a "wife beater" and said "[Lewis] was not going to the hospital, but to jail." Id. Doe #2 "stood silently," making no effort to control Khalfan or to help Lewis. Id.

Lewis was taken to the Solano County Jail. Upon arrival, Lewis continued to request medical attention, but Khalfan and the Sheriff's Department personnel ignored him. Id. They put Lewis in a cell and kept ignoring his pleas for medical attention, despite Lewis's "great difficulty breathing." Id. In the morning, Lewis was taken from the cell, "purportedly booked," and released, but to Lewis's knowledge, "he was not, and has not been, charged with any offense." Id. Lewis then went to a hospital and "confirmed via X-ray that at least one rib was broken by [Khalfan's] vicious kick." Id.

2

Lewis sued Defendants Khalfan, an unidentified Fairfield police officer ("Doe #2"), the City, at least three unidentified deputies of the Solano County Sheriff's Department ("Does #3-5X"), and Solano County ("County"). The FAC includes ten causes of action, including claims for violating Lewis's rights under 42 U.S.C. § 1983, 42 U.S.C. § 1981, California Civil Code § 52.1 ("Bane Act"), and California Civil Code § 51.7 ("Ralph Act").[2] City and Khalfan move to dismiss Lewis's FAC and his prayer for punitive damages against City.[3] ECF No. 14.

II. OPINION

A. Section 1983 Claims

Section 1983 vindicates federal rights, but does not itself constitute a substantive right. See Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal citation omitted). To successfully bring a § 1983 claim, a plaintiff must show "a person acting under color of state law committed the conduct at issue" and "the conduct deprived the claimant of some right, privilege, or immunity protected by [federal law]." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). Simply put, § 1983 imposes liability for violating constitutional rights, but not for violating duties arising from tort law. See Baker v. McCollan, 443 U.S. 137, 146 (1979).

---

[2] It is not fatal that Lewis's FAC contains DOE defendants. When the alleged defendant's identity is unknown, plaintiff should receive an opportunity to identify the unknown defendant via discovery unless discovery clearly would not uncover the identity or unless the complaint would be dismissed on other grounds. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

[3] County filed an answer to Lewis's FAC. ECF No. 8.

3

1. **First, Second, and Fifth Causes of Action: Fourth Amendment § 1983 Claims**

Lewis brings three Fourth Amendment § 1983 claims. His first cause of action implicates Khalfan, alleging that the officer's unprovoked attack constituted excessive force. FAC ¶ 16. Khalfan and City contend that Lewis failed to state a claim against City, but concede Lewis has stated one against Khalfan. Mot. at 4. Lewis does not oppose the dismissal of his first cause of action against City ("defendants are correct in saying there is no claim against the City stated or intended in either Plaintiff's First or Second Causes of Action." Plaintiff's Opposition to Motion ("Oppn.") at 4.)

Lewis brings his second cause of action against Khalfan and Doe #2, alleging they violated his Fourth Amendment rights by falsely arresting him. FAC ¶ 17. Again, Khalfan and City contend that Lewis failed to state a claim against City, yet concede he has stated one against Khalfan and Doe #2. Mot. at 5. As noted above, Lewis does not oppose the dismissal of this second cause of action against City. The Court therefore dismisses both of these claims with prejudice as to City.

Lewis's fifth cause of action implicates Khalfan and Does 2-5X, alleging they falsely imprisoned him. FAC ¶ 20. Khalfan and City argue this claim duplicates Lewis' second cause of action (§ 1983 claim for false arrest). Mot. at 8-9. The Court agrees with Khalfan and City. Prevailing on a § 1983 claim for false arrest and false imprisonment requires showing the officers lacked probable cause to make the arrest. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).

Because Lewis has brought false arrest and false imprisonment claims, the Court finds that Lewis's fifth cause of action for false imprisonment duplicates his second cause of action for false arrest.

Dismissal under Fed. R. Civ. P. 12(b)(6) with prejudice applies "only if it appears beyond doubt that the plaintiff can prove no set of facts [supporting] his claim [that] would entitle him to relief." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Lewis's fifth claim duplicates his second claim, the Court dismisses with prejudice the fifth cause of action.

### 2. Sixth and Tenth Causes of Action: Fourteenth Amendment § 1983 Claims

Lewis brings two Fourteenth Amendment § 1983 claims. His sixth claim alleges all defendants violated his due process and equal protection rights. FAC ¶ 21. His tenth cause of action is a Monell claim against City and County. Id. ¶ 25.

#### i. Sixth Cause of Action: Due Process

The Due Process Clause protects the rights of people in police custody "to not have officials remain deliberately indifferent to their serious medical needs." Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). To state a claim, a plaintiff must first show a "serious medical need" such that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Second, a plaintiff must show the defendant's response to the serious medical need was deliberately indifferent by alleging

"(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.  A plaintiff has shown deliberate indifference when officers or prison officials "deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Lewis argues Khalfan and Does #2-5X acted deliberately indifferent by ignoring his repeated pleas for medical assistance.  FAC ¶ 21.  Khalfan and City contend Lewis did not allege that "Khalfan knew of and disregarded an excessive risk to plaintiff's health and safety," and that merely inferring Khalfan "should have known" is insufficient.  Mot. at 10.

The Court finds Lewis' argument to be more persuasive. Lewis alleged that he experienced "severe chest pain and needed medical attention"—a serious medical need.  FAC ¶¶ 13-14.  See also Jett, 439 F.3d at 1096.  Lewis also satisfied the second element of a deliberate indifference claim by alleging that he repeatedly asked for medical attention but Khalfan ignored his pleas, demonstrating that Khalfan was, indeed, "aware of a substantial risk of serious harm."  FAC ¶¶ 12-14.  See also Lolli v. Cty. of Orange, 351 F.3d 410, 419 (9th Cir. 2003).  And Lewis suffered a broken rib.  FAC ¶ 14.  In other words, despite Khalfan and City's arguments, Lewis has clearly pled sufficient facts to maintain his deliberate indifference claim against Khalfan and Does #2-5X.

With respect to the City, in order to allege a § 1983 claim against a municipality, a plaintiff must state facts showing the municipality had a policy or custom that caused the plaintiff's

6

1    constitutional injury.  See Monell v. New York City Dep't of
2    Soc. Servs., 436 U.S. 658, 694 (1978).  A plaintiff alleges a
3    "policy or custom" by describing, for instance, an express
4    municipal policy—like an ordinance, regulation, or policy
5    statement—or a "widespread practice that, although not
6    authorized by written law or express municipal policy, is so
7    permanent and well settled as to constitute a custom or usage
8    with the force of law."  See id. at 691; City of St. Louis v.
9    Praprotnik, 485 U.S. 112, 127 (1988) (internal citations and
10   quotation marks omitted).  Next plaintiff must show a sufficient
11   causal connection between enforcing that "policy or custom" and
12   a constitutional violation.  See Monell, 436 U.S. at 694-95.
13   But a municipality cannot face § 1983 liability under a
14   respondeat superior theory.  See id. at 691.

15        Lewis maintains City has one or more "unconstitutional
16   policies, practices, or customs ... known to, permitted and
17   encouraged by the highest relevant officials" that involve
18   "regular 'blind eye' indulgence, condonation, misrepresentation
19   and cover-up of harassment, intimidation and mistreatment of ...
20   African-American[s]."  FAC ¶ 25.  City argues this claim fails
21   because Lewis did not allege facts "showing a policy, pattern,
22   practice, or custom that was the 'moving force' behind any
23   alleged constitutional violation."  Mot. at 11.

24        City is correct.  Lewis's allegations do not show a policy
25   or custom that constituted the "moving force" behind his
26   Fourteenth Amendment violation.  See Monell, 436 U.S. at 694-95.
27   New and conclusory rhetoric in his opposition brief that "[w]e
28   live in a racist society" and that "[t]he great mass of Black

7

people are systematically discriminated against in all spheres" does not salvage his claim. Opp'n at 6. See also Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993) (emphasizing that evidence outside pleadings normally not considered when deciding 12(b)(6) motions). Lewis has not stated a Monell claim against City but the Court finds that further amendment is not necessarily futile. Therefore, this cause of action as it applies to City, is dismissed without prejudice.

### ii. Sixth Cause of Action: Equal Protection

Lewis also brings his sixth cause of action under an equal protection theory, explaining that defendants' "malevolence" in refusing to provide medical care after Khalfan "viciously kicked him in the ribs" violated the Equal Protection Clause. FAC ¶ 21.

To state an equal protection claim under § 1983, a plaintiff must show the defendant acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (internal citation and quotation marks omitted). Khalfan and City argue Lewis states no facts "showing discrimination or discriminatory animus because of membership in a protected class," and that "[m]ere allegations that [Lewis] is an African American man are insufficient." Mot. at 9.

The Court agrees with Khalfan and City. Lewis does not describe how two classifications of persons were treated differently under the law. See Harvey v. City of Fresno, No. 1:08-cv-01399, 2010 WL 892114, at *1 (E.D. Cal. Mar. 9, 2010).

1  Simply alleging a violation occurred because the victim was
2  African-American is insufficient under Iqbal.  See Harvey, 2012
3  WL 892114 at *11.  Additionally, Lewis fails to state a Monell
4  claim against City for the same reasons he failed to state one
5  under a deliberate indifference theory.  See supra Part
6  II.A.2.i.  In short, Lewis has not stated an equal protection
7  claim against Khalfan or City and given that the Court finds
8  that it would be futile to allow any further amendment, the
9  claim is dismissed with prejudice under this theory.
10               iii.  Tenth Cause of Action
11     Lewis brings another Monell claim against City and County,
12 alleging joint liability "for the substantive violations of
13 [his] rights under the U.S. Constitution and federal law ... by
14 virtue of one or more evident unconstitutional policies,
15 practices, or customs...."  FAC ¶ 25.  Because Khalfan and City
16 correctly argue this claim duplicates Lewis's sixth cause of
17 action, see Mot. at 12-13, the Court dismisses with prejudice
18 Lewis's tenth cause of action.
19        B.   Bane Act Claims
20        "The essence of a Bane Act claim is that the defendant, by
21 [threat, intimidation, or coercion] tried to or did prevent the
22 plaintiff from doing something he or she had the right to do
23 under the law or to force the plaintiff to do something that he
24 or she was not required to do under the law."  Rodriguez v. City
25 of Modesto, No. 1:10-cv-01370, 2013 WL 6415620, at *10 (E.D.
26 Cal. Dec. 9, 2013) (internal citation omitted).  See also CAL.
27 CIV. CODE § 52.1 (West 2015).  A Bane Act claim has two distinct
28 elements:  "A plaintiff must show (1) intentional interference

9

or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015).

Lewis sues several defendants for Bane Act claims under different theories. He brings his third cause of action against Khalfan, Doe #2, and City, alleging false arrest with wrongful force. FAC ¶ 18. He brings his seventh cause of action against all defendants, alleging false imprisonment. Id. ¶ 22. And he brings his eighth cause of action against all defendants for refusing medical care (i.e., deliberate indifference). Id. ¶ 23.

1.   Third Cause of Action

Lewis alleges Khalfan, Doe #2, and City falsely arrested him with wrongful force. FAC ¶ 18. California courts make clear that a wrongful arrest or detention, without more, does not satisfy the Bane Act's elements. See Shoyoye v. Cty. of Los Angeles, 203 Cal. App. 4th 947, 959-60 (2012). Yet when "an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself.'" Bender v. Cty. of Los Angeles, 217 Cal. App. 4th 968, 978 (2013) (emphasis added).

Lewis alleges that Khalfan's unprovoked, vicious attack constituted false arrest with wrongful force because Khalfan lacked probable cause and slammed Lewis on the driveway and kicked him violently in the ribs. FAC ¶¶ 11-13. Khalfan and City argue Lewis's allegations "relate only to alleged use of force inherent in effectuating [Lewis's] allegedly unlawful

seizure," and so Lewis fails to state a claim under Shoyoye. Mot. at 6-7.

Khalfan and the City's reliance on Shoyoye is misplaced in that this case differs from Shoyoye. There a computer error resulted in unlawfully detaining a prisoner that had been ordered released. Id. at 961. The county employees were merely negligent in assigning to Shoyoye a parole hold, so the court concluded that any intimidation or coercion that occurred was simply that which is reasonable and incident to maintaining a jail. Id. Federal courts have since clarified that, at the pleading stage, the Shoyoye rule applies only when the conduct is unintentional. See Rodriguez, 2013 WL 6415620, at *13 (citing other cases).

Here, nothing that Khalfan did was unintentional. Lewis states Khalfan "grabbed him and slammed him on the driveway, then kicked him violently in the ribs." FAC ¶ 12. In no way does that resemble an inadvertent computer error. "Where, as here, an arrest is unlawful and excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself'—a violation of the Bane Act." Lyall v. City of Los Angeles, 807 F.3d 1178, 1196 (9th Cir. 2015) (citing Bender v. Cty. of Los Angeles, 217 Cal. App. 4th 968 (2013)).

Lewis also brings this claim against City, but Khalfan and City argue—without offering supporting authority—that this is improper because City cannot be vicariously liable. Mot. at 7. Although no court has interpreted the Bane Act's "person or persons" language, several federal courts interpreting the

statute have concluded that municipalities fall within its purview. See Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1117 (E.D. Cal. 2012) (citing other cases). California law also allows vicarious liability. CAL. GOV'T CODE § 815.2(a) (West 2015). Here, Lewis believes City is vicariously liable for Khalfan's and Doe #2's conduct. FAC ¶ 18. Because Lewis has stated a Bane Act claim against Khalfan, this suffices to state one against City under a vicarious liability theory.

### 2. Seventh Cause of Action

Lewis also brings a Bane Act claim against all defendants under a false imprisonment theory. FAC ¶ 22. Khalfan and City contend this claim duplicates Lewis's third cause of action. Mot at 11. The Court agrees. "False arrest and false imprisonment are not separate torts. False arrest is but one way of committing a false imprisonment." Basilio v. City of Fairfield, No. 2:16-cv-00392, 2016 WL 3753324, at *5 (E.D. Cal. July 13, 2016) (internal citation omitted). Because Lewis's seventh claim for false imprisonment duplicates his third claim for false arrest with wrongful force, the Court dismisses with prejudice the seventh cause of action.

### 3. Eighth Cause of Action

Lewis brings his eighth claim against all defendants, alleging their refusal to provide medical care (i.e., their deliberate indifference) violated the Bane Act. FAC ¶ 23. Khalfan and City urge this Court to dismiss this claim because it duplicates Lewis's third cause of action. Mot. at 11.

The Court agrees with Khalfan and City, but for a different reason. Scant authority exists for premising a Bane Act claim

on deliberate indifference in the prison context.  See Elliot v. Reddy, No. 2:10-cv-02980, 2014 WL 1877566, at *29 (E.D. Cal. May 9, 2014).  Because precedent is lacking, this Court begins with the statute.  The Bane Act provides that "[s]peech alone is not sufficient to support an action brought under subdivision (a) or (b)."  CAL. CIV. CODE § 52.1(j) (West 2015).  Of the few courts that have tackled this question, most hold that a plaintiff cannot premise a Bane Act claim on a deliberate indifference theory.  See Elliot, 2014 WL 1877566 at *29; Lopez v. Cty. of Tulare, No. CV-F-11-1547, 2012 WL 33244, at *11 n.8 (E.D. Cal. Jan. 6, 2012) (citing Brook v. Carey, 352 Fed. Appx. 184, 185 (9th Cir. 2009)).  Because Lewis offers no authority—let alone binding authority—for premising his Bane Act claim on a deliberate indifference theory, the Court dismisses with prejudice Lewis's eighth cause of action.

     C.    Section 1981 – Ninth Cause of Action

Lewis brings a § 1981 claim against all defendants in his ninth cause of action.  FAC ¶ 24.  See also 42 U.S.C. § 1981(a) (providing, in part, that all persons have the same right to, among other things, make and enforce contracts as enjoyed by white citizens).  To establish a § 1981 claim, the plaintiff must show intentional or purposeful discrimination.  DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989).  Specifically, the plaintiff must allege (1) he is a racial minority; (2) defendant intended to discriminate based on race; and (3) the discrimination concerned an activity enumerated in the statute. See Keum v. Virgin Am. Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).

Lewis claims all defendants violated his § 1981 rights because their "deliberate maltreatment ... flowed from and came about because of [their] ingrained racial animus towards him because he is a Black Man." FAC ¶ 24. Khalfan and City argue Lewis alleges "no facts related to the making or enforcement of contracts" nor facts "supporting his conclusion of 'racial animus' or discrimination." Mot. at 11-12.

The Court agrees with Khalfan and City. Lewis has not alleged an activity enumerated in the statute or discriminatory animus. The Ninth Circuit has held that overt acts coupled with racial remarks sufficiently state a § 1981 claim. See Evans v. McKay, 869 F.2d 1341, 1345 (9th Cir. 1989). Yet, here, Lewis not only denies that Khalfan and Doe #2 "uttered the 'N-word' or any other racist epithet," but Lewis also "derives his charge of racial animus from his overwhelming moral certainty, fortified by his natural, super-alert perception of words, and eyes, and tone of voice and other body language, that he never in life would have been dealt with as he was by these officers ... if he were White. Period." Opp'n at 6. These days, according to Lewis, racial animus reads "as a veritable presumption." Id. Such legally unsupported arguments are insufficient to overcome Khalfan's motion to dismiss this claim against him.

Lewis also fails to state a claim against City. Lewis did not allege a policy or custom as the moving force behind any alleged violation. Because municipalities cannot be vicariously liable under § 1981, see Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989), the Court dismisses Lewis's ninth cause of action against City. The Court finds that further amendment

is not necessarily futile and, therefore, dismisses this claim without prejudice.

    D.    <u>Ralph Act – Fourth Cause of Action</u>

Lewis sues Khalfan, Doe #2, and City in the fourth cause of action for violating the Ralph Act, alleging they are "apparently racist" because he is a "Black Man" and they committed an unprovoked, vicious attack on him. FAC ¶¶ 2,19. The Ralph Act ensures all persons in California "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons ... on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51." CAL. CIV. CODE § 51.7 (West 2015). Section 51(b) identifies "race" and "color" among protected characteristics. Once again, Khalfan and City argue Lewis has not sufficiently alleged racial animus. Mot. at 7-8.

Khalfan and City are correct. For the same reasons the Court found that Lewis insufficiently alleged racial animus to support his § 1981 claim, the Court finds that Lewis has inadequately alleged racial animus here. <u>See supra</u> Part II.C. And, because Lewis fails to state a claim against Khalfan, Lewis also fails to state one under a vicarious liability theory against City. The Court dismisses without prejudice Lewis's fourth cause of action.

    E.    <u>Punitive Damages</u>

Municipalities are immune from punitive damages under §§ 1983 and 1981. <u>See City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981). <u>See also Bell v. City of Milwaukee</u>, 746 F.2d 1205, 1270 (7th Cir. 1984). California law also

forbids imposing punitive damages against public entities. See CAL. GOV'T CODE § 818. The Court dismisses with prejudice Lewis's claim for punitive damages against City.

## III.   ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part City and Khalfan's Motion to Dismiss as follows:

1. City and Khalfan's motion to dismiss the first and second causes of action against City is GRANTED WITH PREJUDICE;

2. City and Khalfan's motion to dismiss the third cause of action is DENIED;

3. City and Khalfan's motion to dismiss the fourth cause of action is GRANTED WITHOUT PREJUDICE;

4. City and Khalfan's motion to dismiss the fifth cause of action is GRANTED WITH PREJUDICE;

5. City and Khalfan's motion to dismiss the sixth cause of action is GRANTED WITHOUT PREJUDICE as to City to the extent it is brought under a due process theory; GRANTED WITH PREJUDICE as to City and Khalfan to the extent it is brought under an equal protection theory; and DENIED as to Khalfan to the extent it is brought under a due process theory.

6. City and Khalfan's motion to dismiss the seventh cause of action is GRANTED WITH PREJUDICE;

7. City and Khalfan's motion to dismiss the eighth cause of action is GRANTED WITH PREJUDICE;

8. City and Khalfan's motion to dismiss the ninth cause of action is GRANTED WITHOUT PREJUDICE;

9. City and Khalfan's motion to dismiss the tenth cause of action is GRANTED WITH PREJUDICE; and

10. City and Khalfan's motion to dismiss the punitive damages claim against City is GRANTED WITH PREJUDICE.

If Lewis wants to amend his fourth cause of action against City and Khalfan, his sixth cause of action under a due process theory against City and his ninth cause of action against City and Khalfan, he shall file his second amended complaint within twenty days from the date of this Order.  No new causes of action may be included in the second amended complaint.  Defendants' responsive pleadings are due within twenty days thereafter.  If Lewis elects not to amend his FAC, the case will proceed on the remaining claims, and Khalfan and City shall file their answer to the FAC within thirty days from the date of this Order.

IT IS SO ORDERED.

Dated: February 15, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

17