UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LEWIS,<br><br>          Plaintiff,<br><br>  v.<br><br>OFFICER AHMED KHALFAN,<br><br>          Defendant. | Case No. 2:16-cv-01053 JAM-AC<br><br>**PRETRIAL CONFERENCE ORDER** |

Pursuant to court order, a Pretrial Conference was held on September 28, 2018 before Judge John Mendez. Jeff Fall Wozniak and Dennis Cunningham appeared as counsel for plaintiff; Gregory M. Fox and Parry A. Black appeared as counsel for defendant Officer Ahmed Khalfan. After hearing, the Court makes the following findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343, and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. JURY/NON-JURY

Both parties have demanded a jury trial.

| | |
|---|---|
|1| III. <u>STATEMENT TO BE READ TO JURY</u> |
|2| Seven (7) days prior to trial the parties shall E-file a joint |
|3| statement of the case that may be read to the jury at the beginning |
|4| of jury selection. |
|5| IV. <u>UNDISPUTED FACTS</u> |
|6| None. |
|7| V. <u>DISPUTED FACTUAL ISSUES</u> |
|8| 1.  Mr. Lewis's level of intoxication. |
|9| 2.  Whether Officer Khalfan had probable cause to detain Mr. |
|10| Lewis under PC § 647(f). |
|11| 3.  Whether or not force was used by Officer Khalfan. |
|12| 4.  If force was used, whether or not said force was |
|13| reasonable or excessive. |
|14| 5.  Whether or not Officer Khalfan said something to the |
|15| effect of "you're a wife beater" or uttered any other curses, |
|16| threats or insults to Mr. Lewis following the detention. |
|17| VI. <u>DISPUTED EVIDENTIARY ISSUES</u> |
|18| <u>Defendant</u>: Defendant anticipates filing motions in limine |
|19| including the following: |
|20| • Exclude reference to bodycam. |
|21| • Exclude reference to IA, citizen's complaint, or officer |
|22|   personnel files. |
|23| • Prohibit attorney commentary/speculation on motives of |
|24|   officers or opposing counsel.  Prohibit attorney |
|25|   commentary/speculation regarding income of defense |
|26|   counsel.  Prohibit attorney commentary/speculation |
|27|   regarding other cases or clients of defense counsel. |
|28| • Exclude Plaintiff's proposed witnesses regarding his |

|   |   |
|---|---|
| 1 | level of intoxication. |
| 2 | • Prohibit argument on wage loss. |
| 3 | • Allow empty chair defense. |
| 4 | • Expert testimony unnecessary. |
| 5 | • Prohibit argument that a §647(f) arrest is improper |
| 6 | because it occurred on private property. |
| 7 | • Exclude reference to requests for medical attention. |

<u>Plaintiff</u>: Plaintiff states that he anticipates just two *limine* requests of his own: (1) to prohibit the playing for the Jury of the '911' tape recording of the citizen call unless and until it is shown that the same was actually heard by the officers as they responded to the scene; and, (2) to exclude any reference by the defense to the plaintiff's pending criminal case in the Superior Court of Solano County.

## VII. <u>RELIEF SOUGHT</u>

<u>Plaintiff</u>: Plaintiff seeks judgment for money damages for Wrongful Use of Force and False Arrest, all under the Fourth Amendment per §1983 et seq., and §1988.

<u>Defendant</u>: Defendant may present Plaintiff with a Rule 68 offer before trial and will seek to enforce the provisions of such following any trial.

## VIII. <u>POINTS OF LAW</u>

Trial briefs shall be E-filed with the court no later than October 29, 2018. Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. <u>ABANDONED ISSUES</u>

None (Plaintiff previously abandoned his <u>Monell</u> claim).

///

X. <u>WITNESSES</u>

Plaintiff anticipates calling the following witnesses:

1. Andre Lewis
2. Michelle Lewis
3. Officer Ahmed Khalfan
4. Officer Alex Aldredge
5. Sgt. Bertsch
6. Officer David Reeves
7. Lt. Stephen Crane
8. Dr. Paul Brusachetti
9. Tina Feeney
10. Dr. Daniel Brown
11. Odessa White
12. Dr. Cynthia Tan
13. Dr. Steven Garcia
14. Dr. George E. Stock
15. Alana C. Gibson
16. Stephanie Lara
17. Latoya Dunne
18. Charles McAfee
19. Dana McAfee
20. Ms. Lewis (plaintiff's sister)
21. Stephanie Lincoln

Defendant anticipates calling the following witnesses:

1. Officer Ahmed Khalfan
2. Officer Alex Aldredge
3. Correctional officer Enrique Guzman
4. Keith Lewis

|   |   |   |
|---|---|---|
| 1 | 5. | Sgt. David Reeves |
| 2 | 6. | Dr. Cynthia Tan |
| 3 | 7. | Lori Mitchell |

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

    (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

    (2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.  Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

    (1)  The witnesses could not reasonably have been discovered prior to Pretrial;

    (2)  The court and opposing counsel were promptly notified upon discovery of the witnesses;

    (3)  If time permitted, counsel proffered the witnesses for deposition;

    (4)  If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

### XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff and Defendant intend to introduce the following joint exhibits:

1.  Audio recording of 911 call;

     2.    Fairfield Police Department Report for Case 15-08163;

     3.    Fairfield Police Department CAD Incident Report 1508020035;

     4.    Solano County Sheriff Intake Health Screening – Keith Lewis;

     5.    Keith Lewis medical records from North Bay Medical Center;

     6.    Solano County Jail Records re Keith Lewis for date August 2, 2015;

     7.    Photos of property at 1824 San Jose Pl., Fairfield, obtained from Google Maps; and

     8.    Aerial Map of 1824 San Jose Pl. and surrounding houses.

     Each party may use an exhibit designated by the other.

     A.    No other exhibits will be permitted to be introduced unless:

         (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

         (2)    The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

     B.    Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

         (1)    The exhibits could not reasonably have been discovered prior to Pretrial;

1        (2)  The court and counsel were promptly informed of
2   their existence;
3        (3)  Counsel forwarded a copy of the exhibit(s) (if
4   physically possible) to opposing counsel.  If the exhibit(s) may
5   not be copied, the proffering counsel must show that he has made
6   the exhibit(s) reasonably available for inspection by opposing
7   counsel.
8       As to each exhibit, each party is ordered to exchange copies
9   of the exhibit not later than fourteen (14) days before trial.
10  Each party is then granted five (5) days to file and serve
11  objections to any of the exhibits.  In making the objection, the
12  party is to set forth the grounds for the objection.  The parties
13  shall pre-mark their respective exhibits in accord with the Court's
14  Pretrial Order.  Exhibit stickers may be obtained through the
15  Clerk's Office.  An original and one (1) copy of the exhibits shall
16  be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on
17  the date set for trial or at such earlier time as may be agreed
18  upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail
19  at: hvine@caed.uscourts.gov.  As to each exhibit which is not
20  objected to, it shall be marked and may be received into evidence
21  on motion and will require no further foundation.  Each exhibit
22  which is objected to will be marked for identification only.

### XII. DISCOVERY DOCUMENTS

   None.

### XIII. FURTHER DISCOVERY OR MOTIONS

   Pursuant to the court's Status Conference Order, all discovery
and law and motion was to have been conducted so as to be completed
as of the date of the Pretrial Conference.  That order is

confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

## XIV. STIPULATIONS

As there is no dispute as to authenticity of records relating to Plaintiff's jail stay and medical visits at North Bay Medical Center, Defendant proposed that the parties stipulate as to the foundation and admissibility of all such records to avoid unnecessary live testimony in that regard and Plaintiff agreed.

## XV. AMENDMENTS/DISMISSALS

None.  Plaintiff's untimely and improper request to restore certain claims was denied.

## XVI. FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs should be E-filed on or before October 29, 2018.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk on or before October 29, 2018, and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions on or before November 2, 2018.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury

instructions in word format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

    C.    It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j). The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial. Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

    D.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

    E.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

    F.    Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection. Proposed voir dire should be submitted via ECF one (1) week prior to trial.

    G.    Each party may submit a proposed verdict form that the party would like the Court to use in this case. Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

H.  In limine motions shall be E-filed separately on or before October 26, 2018.  Opposition briefs shall be E-filed on or before October 31, 2018.  No reply briefs may be filed.

### XVII. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this case at this time.

### XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

### XIX. SEPARATE TRIAL OF ISSUES

Not applicable.

### XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

### XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

### XXII. MISCELLANEOUS

None.

### XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate three (3) to five (5) court days for trial.  Trial will commence on or about November 5, 2018, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

///
///
///

## XXIV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted seven (7) days from the date of this Pretrial Order to object or respond to it via ECF.

IT IS SO ORDERED.

DATED: October 2, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE